1  EDWARD M. ROBBINS, JR., ESQ., SBN 82696
   CHARLES P. RETTIG, ESQ., SBN 97848
2  DAVID ROTH, ESQ., SBN 56054
   HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P.C.
3  9150 Wilshire Boulevard, Suite 300
   Beverly Hills, California 90212
4  Telephone:    (310) 281-3200
   Facsimile:    (310) 859-1430
5
6  Attorneys for Plaintiffs, ALEXANDRE BALKANSKI
   TRADING PARTNER, LP; AAB & SB, LLC,
   Tax Matters Partner; ALEXANDRE BALKANSKI,
7  Sole Member-Manager

8

9

E-filing

10                IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13

14  ALEXANDRE BALKANSKI TRADING
    PARTNER, LP; AAB & SB, LLC, Tax Matters      CASE NO. _____
15  Partner; ALEXANDRE BALKANSKI Sole
    Member-Manager,
16                                               COMPLAINT FOR READJUSTMENT
                                                 OF IRS FINAL PARTNERSHIP
17            Plaintiffs,                        ADMINISTRATIVE ADJUSTMENTS

18                v.

19  UNITED STATES OF AMERICA,

20
              Defendant.
21

22

23

24          COMES NOW, ALEXANDRE BALKANSKI, and AAB & SB, LLC, a California limited

25  liability company (collectively "Plaintiffs"), by their attorneys, and hereby allege as follows:

26          1.      Plaintiff, AAB & SB, LLC ("AA&B"), is a California limited liability company, with

27  its principal place of business in Woodside, California, within the Northern District of California, and is the

28

FILED BY FAX
PURSUANT TO LOCAL RULES

1  Tax Matters Partner ("TMP") of ALEXANDRE BALKANSKI TRADING PARTNER, LP, a Delaware

2  Limited Partnership ("ABTP").

3       2.     Plaintiff, ALEXANDRE BALKANSKI, is the sole member-manager of AA&B and

4  is a citizen of the United States, residing in the County of San Mateo, California, within the Northern District

5  of California.

6       3.     The Defendant is THE UNITED STATES OF AMERICA ("United States").

7       4.     This is an action for the readjustments of Final Partnership Administrative Adjustments

8  asserted by the Commissioner of the Internal Revenue Service ("Commissioner") with respect to the 2000 and

9  2001 taxable year of ABTP, as set forth in the Notice of Final Proposed Administrative Adjustments

10 ("FPAA") [Letter 1830 (DO) (Rev 3-2001)], dated February 22, 2008, which was issued by the Office of

11 Internal Revenue Service, Phoenix, Arizona. A copy of the FPAA (including both versions of its cover letter),

12 together with relevant schedules, is attached hereto as EXHIBIT "A."

13      5.     On or about May 14, 2008, Plaintiff, ALEXANDRE BALKANSKI, pursuant to the

14 requirements of 26 U.S.C. § 6226(e), deposited with the IRS the sum of $ 4,728,578, representing Plaintiffs'

15 good faith estimate of the amount by which the partner-Plaintiffs' liability would be increased if the treatment

16 of the partnership items set forth in the above-referenced FPAA were upheld. A copy of the acknowledged

17 receipt of said deposit is attached hereto as EXHIBIT "B."

18      6.     The United States has waived sovereign immunity for the district court's review

19 of the FPAA under Title 26, United States Code § 6226, and subject matter jurisdiction is proper pursuant to

20 the provisions of and Title 28, United States Code § 1346(e).

21      7.     Venue is proper pursuant to 26 U.S.C. § 6226(a)(2) and 28 U.S.C. § 1396.

22      8.     The FPAA set forth the following proposed adjustments to ABTP's income for the tax

23 year 2000, all of which are in dispute:

| Partnership Item | As Reported | Adjustment | Corrected |
|---|---|---|---|
| Other income (loss) | <$19,642,810> | $19,627,805 | <$15,005> |

9. The FPAA set forth the following proposed adjustments to ABTP's income for the tax year 2001, all of which are in dispute:

| Partnership Item | As Reported | Adjustment | Corrected |
|---|---|---|---|
| Portfolio income (loss) net short-term gain (loss) | $12,312,501 | <$12,312,501> | $0 |
| Portfolio income (loss) net long-term gain (loss) | $29,737,447 | <$29,737,447> | $0 |
| Other income (loss) | <$19,820,897> | $22,422,141 | $2,601,244 |

10. The adjustments for the taxable year 2000, as determined by the Commissioner, are based upon the following errors:

(a). The Commissioner erred in eliminating Other income (loss) from ABTP's income in the amount of <$19,642,805>.

11. The adjustments for the taxable year 2001, as determined by the Commissioner, are based upon the following errors:

(a). The Commissioner erred in eliminating ABTP's Portfolio income (loss) net short-term gain (loss) in the amount of $12,312,501.

(b). The Commissioner erred in eliminating ABTP's Portfolio income (loss) net long-term gain (loss) in the amount of $29,737,447.

(c). The Commissioner erred in eliminating Other income (loss) from ABTP's income in the amount of <$19,820,897>.

12. The adjustments for the taxable years 2000 and 2001, as determined by the Commissioner, are based upon the following further errors:

(a). The Commissioner erred in his primary position that ABTP's accounting method for the payments received by ABTP from Refco Capital Markets, Ltd. ("Refco") on the notational principal contract ("NPC") did not clearly reflect income and should be changed to more clearly reflect income.

(b). The Commissioner erred in his primary position that the termination payments received by ABTP from Refco should be recharacterized under the "substance over form" doctrine as having been made at the maturity date of the NPC and treated a ordinary income.

1    (c).  The Commissioner erred in his first alternative position that ABTP's loan from

2  Refco would be disregarded because the loan represented a circular flow of funds.

3    (d).  The Commissioner erred in his second alternative position that ABTP's loan from

4  Refco and ABTP's other liabilities were not at risk.

5    (e).  The Commissioner erred in his third alternative position that ABTP's activities did

6  not constitute a trade or business.

7    (f).  The Commissioner erred in his fourth alternative position that ABTP was a sham

8  and should be disregarded for federal income tax purposes.

9    (g).  The Commissioner erred in claiming the authority to impose penalties under Code

10  section 6662. Penalties can only be imposed, however, if ABTP's positions are incorrect.  ABTP's positions,

11  however, are correct.  Even if ABTP's positions were incorrect, ABTP's would not be subject to penalties if

12  there were reasonable cause and good faith for the positions ABTP's took.  ABTP's positions were supported

13  by two contemporaneously-prepared opinions of qualified tax professionals, and ABTP's was justified in

14  relying upon such opinions.

15    13.  The facts upon which Plaintiffs rely as the basis of this proceeding for the taxable years

16  2000 and 2001 are as follows:

17    (a).  For the taxable year 2000, ABTP properly reported Other income (loss) from

18  ABTP's income in the amount of <$19,642,810> on its income tax return, Form 1065.

19    (b).  For the taxable year 2001, ABTP properly reported Portfolio income (loss) net

20  short-term gain (loss) in the amount of $12,312,501on its income tax return, Form 1065.

21    (c).  For the taxable year 2001, ABTP properly reported Portfolio income (loss) net

22  long-term gain (loss) in the amount of $29,737,447 on its income tax return, Form 1065.

23    (d).  For the taxable year 2001, ABTP properly reported Other income (loss) from

24  ABTP's income in the amount of <$19,820,897> on its income tax return, Form 1065.

25    (e).  For the taxable years 2000 and 2001, ABTP's accounting method for the payments

26  received by ABTP from Refco on the notational principal contract ("NPC") did clearly reflect income and

27  should not be changed to more clearly reflect income.

28  / / /

1     (f). For the taxable years 2000 and 2001, the form of the termination payments received

2 by ABTP from Refco matched the substance of the transaction and were correctly reported on ABTP's income

3 tax return, Form 1065.

4     (g).  For the taxable years 2000 and 2001, ABTP's loan from Refco was a loan in

5 substance and was not a circular flow of funds.

6     (h). For the taxable years 2000 and 2001, ABTP's loan from Refco and ABTP's other

7 liabilities were at risk.

8     (i). For the taxable years 2000 and 2001, ABTP's activities did constitute a trade or

9 business.

10     (j).  For the taxable years 2000 and 2001,  ABTP was not a sham and should be

11 recognized for federal income tax purposes.

12     (k). For the taxable years 2000 and 2001, ABTP's positions were correctly reported

13 on ABTP's income tax return, Form 1065.  Even if ABTP's positions were incorrect, ABTP's would not be

14 subject to penalties if there were reasonable cause and good faith for the positions ABTP's took.  ABTP's

15 positions were supported by two contemporaneously-prepared opinions of qualified tax professionals, and

16 ABTP's was justified in relying upon such opinions.

17     (l).  On or about April 16, 2002, plaintiffs made a proper disclosure under the

18 Commissioner's Announcement 2002-2.  Accordingly, no penalties are appropriate.

19     14.  Plaintiffs affirmatively allege that the Commissioner's determination in the FPAA are

20 arbitrary and capricious.

21     15.  Plaintiffs affirmatively allege that the Commissioner's FPAA (Exhibit A, hereto) was

22 issued outside the statute of limitations provided by 26 U.S.C. § 6229 and is, therefore, void.

23     16.  Plaintiffs are the sole owners of their claims against the United States and have made no

24 assignment of such claims.

25     17.  Plaintiffs, ALEXANDRE BALKANSKI TRADING PARTNER, LP; AAB & SB, LLC,

26 Tax Matters Partner; ALEXANDRE BALKANSKI Sole Member-Manager, hereby demand a jury on all issues

27 so triable under the law.

28

COMPLAINT FOR READJUSTMENT OF IRS FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS

WHEREFORE, Plaintiffs pray that judgment be entered in their favor as follows:

1.  That ABTP properly reported its NPC transaction.

2.  That there are no adjustments to be made to ABTP as alleged in the FPAA.

3.  That there is no additional tax due from Plaintiffs [or any other partner of ABTP].

4.  For reasonable attorney's fees.

5.  For costs of suit herein.

6.  For such other and further relief as the Court may deem just and proper.

DATED: May 14, 2008

Respectfully submitted,

HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P.C.

By: _____
       EDWARD M. ROBBINS, JR., ESQ.
       CHARLES P. RETTIG, ESQ.
       DAVID ROTH, ESQ.

Attorneys for Plaintiffs ALEXANDRE BALKANSKI
TRADING PARTNER, LP; AAB & SB, LLC,
Tax Matters Partner; ALEXANDRE BALKANSKI,
Sole Member-Manager

COMPLAINT FOR READJUSTMENT OF IRS FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS

EXHIBIT A

Internal Revenue Service
210 E Earll Drive
MS:4020 PHX
Phoenix, AZ 85012

Department of the Treasury

Refer To:   90 Day

Taxpayer Identifying Number:

Name of Partnership:   Alexandre Balkanski Trading Partners, LP

Partnership Identifying Number:  52-2256116

Tax Year Ended:  2000 and 2001

Date FPAA Mailed to the Tax Matters Partner:

FEB 2 2 2008

Date:  FEB 2 2 2008

Alexandre Balkanski
Tax Matters Partner
Alexandre Balkanski Trading Partners, LP
270 Whiskey Hill Road
Woodside, CA  94062-2533

Person to Contact:   Dianna Renner
Employee Number:   86-17302

Contact Hours:  7:00 AM - 4:00 PM (Monday - Friday)

Contact Telephone Number:   (602) 207-8792
                            (not a toll free number)

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Letter 1830 (DO) (Rev. 3-2001)
Catalog Number 61242U

**Internal Revenue Service**
210 E Earll Drive
MS:4020 PHX
Phoenix, AZ 85012

**Department of the Treasury**

Refer To:   90 Day

Taxpayer Identifying Number:  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

Name of Partnership:  Alexandre Balkanski Trading Partners, LP

Partnership Identifying Number: 52-2256116

Tax Year Ended:  2000 and 2001

Date:  **FEB 2 2 2008**

Date FPAA Mailed to the Tax Matters Partner:
**FEB 2 2 2008**

Alexandre A Balkanski and
Sybilla Balkanski
270 Whiskey Hill Road
Woodside, CA 94062-2533

Person to Contact:  Dianna Renner
Employee Number:  86-17302

Contact Hours: 7:00 AM - 4:00 PM (Monday - Friday)

Contact Telephone Number:   (602) 207-8792
(not a toll free number)

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

**Letter 1830 (DO) (Rev. 3-2001)**
Catalog Number 61242U

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

> **United States Tax Court**
> **400 Second Street, NW**
> **Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

**Letter 1830 (DO) (Rev. 3-2001)**
Catalog Number 61242U

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

### 3. If you do nothing:

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Tim Conley

Tim Conley
Territory Manager, Technical Services, Western

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

Letter 1830 (DO) (Rev. 3-2001)
Catalog Number 61242U

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

Letter 1830 (DO) (Rev. 3-2001)
Catalog Number 61242U

Page    of

| Form 4605-A | Department of the Treasury - Internal Revenue Service<br>Examination Changes – Partnerships, Fiduciaries, Small Business Corporations, and<br>Domestic International Sales Corporations | | |
|---|---|---|---|

| Name and Address of Taxpayer | Employer Identification Number (TIN) | | Form Number: |
|---|---|---|---|
| Alexandre Balkanski Trading<br>Partners, LP<br>c/o Bolton Capital Planning, LLC<br>2911 Turtle Creek Blvd., Ste 300<br>Dallas, Texas 75219 | 52-2256116 | | 1065 |
| | Person<br>Examination<br>Changes<br>Were<br>Discussed<br>With | Name and Title: | |

| 1. Adjustments to ordinary, distributable net, or taxable income | Tax Period: 12/31/2000 | Tax Period: 12/31/2001 | Tax Period: |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| 2. Total adjustment to ordinary, distributable net, or taxable income | | | |
| 3. Ordinary, distributable net, or taxable income as reported | | | |
| 4. Corrected, ordinary, distributable net, or taxable income | | | |
| 5. Other adjustments | | | |
| a.  Portfolio income (loss) net short-term gain (loss) | | | |
| (1) Adjustment | | (12,312,501.00) | |
| (2) As reported | | 12,312,501.00 | |
| (3) Corrected | | 0.00 | |
| b.  Portfolio income net long-term gain (loss) total | | | |
| (1) Adjustment | | (29,737,447.00) | |
| (2) As reported | | 29,737,447.00 | |
| (3) Corrected | | 0.00 | |

Remarks

| Examiner's Signature: | Employee ID: | Office: | Date: |
|---|---|---|---|
| Ted Sievert | 84-00903 | SBSE Western Area Exam | 12/15/2006 |

RGS Version 7.30.00                                                                                                 Form 4605-A-CG

Taxpayer: Alexandre Balkanski Trading Partners, LP
TIN:    52-2256116

Page    of

### Form 4605-A – Other Adjustments (Continued)

| | Tax Period: 12/31/2000 | Tax Period: 12/31/2001 | Tax Period: |
|---|---|---|---|
| c. Other income (loss) | | | |
| (1) Adjustment | 19,627,805.00 | 22,422,141.00 | |
| (2) As reported | (19,642,810.00) | (19,820,897.00) | |
| (3) Corrected | (15,005.00) | 2,601,244.00 | |
| d. Interest expense on investment debts | | | |
| (1) Adjustment | 0.00 | 0.00 | |
| (2) As reported | 380,940.00 | 743,446.00 | |
| (3) Corrected | 380,940.00 | 743,446.00 | |
| e. Distributions - money (cash/securities) | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 8,246,367.00 | |
| (3) Corrected | | 8,246,367.00 | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

RGS Version 7.20.00

Form 4605-A-CG (continued)

Name of Taxpayer:  Alexandre Balkanski Trading Partners, LP
Identification Number : 52-2256116
Form 1065 - Tax Periods 2000 and 2001
Form 4605-A Attachment

Notional Principal Contracts

| PER RETURN - Tax Year 2000 | Total Amount |
|---|---|
| Other Interest Income | 426,637 |
| IRC Section 988 Income/(Loss) | (22,090) |
| Other Trade or Business Expense | (2,419) |
| Trade or Business Interest Expense | (3,848) |
| Other Ordinary Loss | (20,041,090) |
| Total K-1 Line 7 | (19,642,810) |

| AS CORRECTED - Tax Year 2000 | Total Amount |
|---|---|
| Other Interest Income | 426,637 |
| IRC Section 988 Income/(Loss) | (22,090) |
| Other Trade or Business Expense | (2,419) |
| Trade or Business Interest Expense | (3,848) |
| Other Ordinary Loss | (20,041,090) |
| Other Ordinary Loss (Adjustment) | 19,627,805 |
| Total K-1 Line 7 | (15,005) |

| PER RETURN - Tax Year 2001 | Total Amount |
|---|---|
| Other Interest Income | 483,089 |
| IRC Section 988 Income/(Loss) | 36,206 |
| Other Trade or Business Expense | (4,341) |
| Trade or Business Interest Expense | (7,510) |
| Other Ordinary Loss | (20,328,341) |
| Net Ordinary Income | (19,820,897) |
| Swap ST Capital Gains | 12,312,501 |
| Swap LT Capital Gains | 29,737,447 |
| Total K-1 Line 7 | 22,229,051 |

| AS CORRECTED - Tax Year 2001 | Total Amount |
|---|---|
| Other Interest Income | 483,089 |
| IRC Section 988 Income/(Loss) | 36,206 |
| Other Trade or Business Expense | (4,341) |
| Trade or Business Interest Expense | (7,510) |
| Other Ordinary Loss | (20,328,341) |
| Other Ordinary Loss (Adjustment) | 22,422,141 |
| Net Ordinary Income | 2,601,244 |
| Swap ST Capital Gains | 12,312,501 |
| Swap ST Capital Gains (Adjustment) | (12,312,501) |
| Swap LT Capital Gains | 29,737,447 |
| Swap LT Capital Gains (Adjustment) | (29,737,447) |
| Total K-1 Line 7 | 2,601,244 |

Name of Taxpayer:  Alexandre Balkanski Trading Partners, LP
Identification Number : 52-2256116
Form 1065 - Tax Periods 2000 and 2001
Form 4605-A Attachment

### NPC Adjustment Computational Analysis:
(1)  Convert all NPC Payments to ordinary income.
(2)  Allocate Fixed Payment Component between years one and two.

| Summary of All Contracts: | Claimed Gain Gains Payments 2001 | Per Examination Allocation Capital Gains 2001 | Reclassify as Ordinary Income 2000 | 2001 |
|---|---|---|---|---|
| RCM 2000-08-25-01 | 29,737,446 | 0 | 9,736,184 | 20,001,262 |
| RCM 2000-08-25-02 | 12,312,501 | 0 | 9,891,621 | 2,420,879 |
| Sub-Total | 42,049,947 | 0 | 19,627,805 | 22,422,141 |
| Claimed Ordinary Loss per Return (NPC) | | | (19,642,810) | (19,820,897) |
| Net Ordinary Income Per Examination (NPC) | | | (15,005) | 2,601,244 |

| Contract Reference: RCM 2000-08-25-01 | Claimed Gain Gains Payments Payments 2001 | | Per Examination Allocation Reclassify as Ordinary Income 2000 | 2001 |
|---|---|---|---|---|
| Contingent Currency Index Rate Notional Payments | | | | |
| Equity Pmt Tranche A-3 | 3,757,764 | | | 3,757,764 |
| Equity Pmt Tranche C-2 | (2,757,764) | | | (2,757,764) |
| Allocation of Fixed Interest Payments: | | | | |
| Fixed Payment Tranche A-2 | 27,240,913 | (See Below) | 9,229,162 | 18,011,751 |
| Fixed Payment from Tranche C-1 | 1,496,533 | (See Below) | 507,022 | 989,511 |
| Total | 29,737,446 | | 9,736,184 | 20,001,262 |

**Tranche A-2 Fixed Interest Rate Payment - From REFCO**
(Period from 08/29/00 through 08/30/01)

| | | | |
|---|---|---|---|
| Payment made on 08/30/01 - | | | 27,240,913 |
| Times Day Count Fraction for 2000 | divided by | 366 | 0.338798 |
| | | Total for 2000 | 9,229,162 |
| Allocated to 2001 | | | |
| | | | 27,240,913 |
| | divided by | 366 | 0.661202 |
| | | Total for 2001 | 18,011,751 |

**Tranche C-1 Fixed Interest Rate Payment - From REFCO**
(Period from 08/29/00 through 08/30/01)

| | | | |
|---|---|---|---|
| Payment made on 08/30/01 - | | | 1,496,533 |
| Times Day Count Fraction for 2000 | divided by | 366 | 0.338798 |
| | | Total for 2000 | 507,022 |
| Allocated to 2001 | | | |
| | | | 1,496,533 |
| | divided by | 366 | 0.661202 |
| | | Total for 2001 | 989,511 |

Name of Taxpayer: Alexandre Balkanski Trading Partners, LP
Identification Number : 52-2256116
Form 1065 - Tax Periods 2000 and 2001
Form 4605-A Attachment

NPC Adjustment Computational Analysis:
(1)  Convert all NPC Payments to ordinary income.
(2)  Allocate Fixed Payment Component between years one and two.

| Contract Reference:<br>RCM 2000-08-25-02 | Claimed Gain<br>Gains Payments<br>Payments 2001 | Per Examination Allocation<br>Reclassify as Ordinary Income<br>2000 | 2001 |
|---|---|---|---|
| Contingent Currency Rate<br>Notional Payments | | | |
| Currency Pmt Tranche A3 | 3,077,773 | | 3,077,773 |
| Currency Pmt Tranche C-2 | (2,172,546) | | (2,172,546) |
| | | | 905,227 |
| Allocation of Fixed Interest Payments: | | | |
| Fixed Payment Tranche A-2 | 10,814,300 | 9,377,435 | 1,436,865 |
| Fixed Payment from Tranche C-1 | 592,973 | 514,186 | 78,787 |
| Total | 12,312,500 | 9,891,621 | 2,420,879 |

Tranche A-2 Fixed Interest Rate Payment - From REFCO
(Period from 08/29/00 through 01/19/01)

| | | | |
|---|---|---|---|
| Payment made on 01/19/01 - | | | 10,814,300 |
| Times Day Count Fraction for 2000 | | | |
| | divided by | 143 | 0.867133 |
| | | Total for 2000 | 9,377,435 |
| Allocated to 2001 | | | |
| | | | 10,814,300 |
| | divided by | 143 | 0.132867 |
| | | Total for 2001 | 1,436,865 |

(E)  Tranche C-1 Fixed Interest Rate Payment - From REFCO
(Period from 08/29/00 through 01/19/01)

| | | | |
|---|---|---|---|
| Payment made on 01/19/01 - | | | 592,973 |
| Times Day Count Fraction for 2000 | | | |
| | divided by | 143 | 0.867133 |
| | | Total for 2000 | 514,186 |
| Allocated to 2001 | | | |
| | | | 592,973 |
| | divided by | 143 | 0.132867 |
| | | Total for 2001 | 78,787 |

Name of Taxpayer: Alexandre Balkanski Trading Partners, LP
Identification Number : 52-2256116
Form 1065 - Tax Periods 2000 and 2001
Form 4605-A Attachment

| Return 1065 - Schedule K, line 7 - Period 2000 Account Description | | Per Books/ Return | Per Examination | Adjustment |
|---|---|---|---|---|
| Other Interest Income | | 426,637 | 426,637 | |
| IRC Section 988 Income/(Loss) | | (22,090) | (22,090) | |
| Other Trade or Business Expense | | (2,419) | (2,419) | |
| Trade or Business Interest Expense | | (3,848) | (3,848) | |
| | ST | 398,280 | 398,280 | 0 |
| Incentive Fees | | (1,497) | (1,497) | |
| Mgmt Fees | | (1,827) | (1,827) | |
| Attorney Fees | | (50,000) | (50,000) | |
| Closing Fees | | (243,333) | (243,333) | |
| Collar Premium | | (95,993) | (95,993) | |
| Professional Fees | | (250,000) | (250,000) | |
| | ST | (244,370) | (244,370) | 0 |
| Periodic Swap Payments | | (19,398,440) | (19,398,440) | 0 |
| Accrued Fixed Swap Rights - A2 | 2000-08-25-01 | 0 | 9,229,162 | 9,229,162 |
| Accrued Fixed Swap Rights - C1 | 2000-08-25-01 | 0 | 507,022 | 507,022 |
| Accrued Fixed Swap Rights - A2 | 2000-08-25-02 | 0 | 9,377,435 | 9,377,435 |
| Accrued Fixed Swap Rights - C1 | 2000-08-25-02 | 0 | 514,186 | 514,186 |
| | 1Line 7 | (19,642,810) | (15,005) | 19,627,805 |

| Return 1065 - Schedule K, line 7 - Period 2001 | | Per Books/ Return | Per Examination | Adjustment |
|---|---|---|---|---|
| Other Interest Income | | 483,089 | 483,089 | |
| IRC Section 988 Income/(Loss) | | 36,206 | 36,206 | |
| Other Trade or Business Expense | | (4,341) | (4,341) | |
| Trade or Business Interest Expense | | (7,510) | (7,510) | |
| | ST | 507,444 | 507,444 | 0 |
| Incentive Fees | | (8,000) | (8,000) | |
| Mgmt Fees | | (7,464) | (7,464) | |
| Collar Premium | | (329,007) | (329,007) | |
| | ST | 162,973 | 162,973 | 0 |
| Periodic Swap Payments | | (19,983,870) | (19,983,870) | 0 |
| Contingent Currency Pmts - A3 | 2000-08-25-01 | 0 | 3,757,764 | 3,757,764 |
| Contingent Currency Pmts - C2 | 2000-08-25-01 | 0 | (2,757,764) | (2,757,764) |
| Contingent Currency Pmts - A3 | 2000-08-25-02 | 0 | 3,077,773 | 3,077,773 |
| Contingent Currency Pmts - C2 | 2000-08-25-02 | 0 | (2,172,546) | (2,172,546) |
| Accrued Fixed Swap Rights - A2 | 2000-08-25-01 | 0 | 18,011,751 | 18,011,751 |
| Accrued Fixed Swap Rights - C1 | 2000-08-25-01 | 0 | 989,511 | 989,511 |
| Accrued Fixed Swap Rights - A2 | 2000-08-25-02 | 0 | 1,436,865 | 1,436,865 |
| Accrued Fixed Swap Rights - C1 | 2000-08-25-02 | 0 | 78,787 | 78,787 |
| Net Ordinary Income | | (19,820,897) | 2,601,244 | 22,422,141 |
| Swap ST Capital Gains | | 12,312,501 | 0 | (12,312,501) |
| Swap LT Capital Gains | | 29,737,447 | 0 | (29,737,447) |
| | TOTAL LINE 7 | 22,229,051 | 2,601,244 | (19,627,807) |

| Form 886- A<br>(REV April 1968) | EXPLANATION OF ITEMS | Schedule No. or<br>Exhibit |
|---|---|---|
| Name of Taxpayer:<br><br>**Alexandre Balkanski Trading Partners, L.P.** | | Year/Period Ended<br>**12/31/2000 &**<br>**12/31/2001** |

### Notional Principal Contract (NPC) Adjustment Issues

| Tax Period | 2000 | 2001 |
|---|---|---|
| Other Ord. Income (Loss) Per Return | $(19,642,810) | $(19,820,897) |
| Other Ord. Income (Loss) Per Exam | $      (15,005) | $  2,601,244 |
| Adjustment | $  19,627,805 | $22,422,141 |

| | 2000 | 2001 |
|---|---|---|
| Short Term Capital Gains Per Return | 0 | $ 12,312,501 |
| Short Term Capital Gains Per Examination | 0 | $             0 |
| Adjustment | 0 | $(12,312,501) |

| | 2000 | 2001 |
|---|---|---|
| Long Term Capital Gains Per Return | 0 | $ 29,737,447 |
| Long Term Capital Gains Per Examination | 0 | $             0 |
| Adjustment | 0 | $(29,737,447) |

### Reconciliation to Schedule K, Line 7:

| Tax Period | 2000 | 2001 |
|---|---|---|
| **PER RETURN** | | |
| Ord. Income – Trade, per Return | (19,642,810) | (19,820,897) |
| ST Capital Gains Per Return | 0 | 12,312,501 |
| LT Capital Gains Per Return | 0 | 29,737,447 |
| Total Other Income/Loss (line 7) Per Return | (19,642,810) | 22,229,051 |
| | | |
| **PER EXAMINATION** | | |
| Ord. Income – Trade, per Exam | (15,005) | 2,601,244 |
| ST Capital Gain per Exam | 0 | 0 |
| LT Capital Gain per Exam | 0 | 0 |
| Total Other Income/Loss (line 7) Per Exam | (15,005) | 2,601,244 |

| Total Adjustment | 19,627,805 | (19,627,807) |
|---|---|---|

EXHIBIT A - Explanation of Items
Alexandre Balkanski Trading Partners, L.P.
Final Partnership Administrative Adjustment Letter
Tax Years Ended: December 31, 2000 and December 31, 2001
TIN: 52-2256116

## PRIMARY POSITION:

The accounting of the Alexandre Balkanski Trading Partners, L.P. ("Partnership") for the notional principal contract ("NPC") payments received from Refco Capital Markets, Ltd. does not clearly reflect income. The Commissioner has determined that a principal purpose of the Partnership's entering into the NPC transactions was an attempt to use the rules of I.R.C. section 446 to produce a material distortion of income. Accordingly, under Treas. Reg. § 1.446-3(i), the Commissioner has determined the following treatment is necessary in order to reflect the appropriate timing of the income and the deductions from the NPCs: The Partnership's method of accounting is changed to require the noncontingent component of the amounts paid by Refco Capital Markets, Ltd. to the Partnership pursuant to the NPCs to be accrued ratably over the term of the NPCs. Based on the facts of the case, the Commissioner has also determined that under the "substance over form" doctrine, the alleged termination payments received by the Partnership from Refco Capital Markets, Ltd. should be viewed as having been made at the maturity of the contract and treated as ordinary income.

Accordingly, in tax year ended December 31, 2001, Net Short-Term Capital Gain and Net Long-Term Capital Gain included in Other Income (Loss)(Schedule K – Line 7) is re-characterized as ordinary income in the amounts of $12,312,501 and $29,737,447, respectively. As a result, Other Income (Loss)(Schedule K – Line 7) is increased by $19,627,805 in tax year 2000 and $22,422,141 in tax year 2001.

## IN THE ALTERNATIVE:

1. It is determined that the Partnership's loan from Refco Capital Markets, Ltd. will be disregarded for income tax purposes because it represents a circular flow of funds. Therefore, there is no liability pursuant to I.R.C. section 752. As a result, the Partnership's interest deductions are disallowed under I.R.C. section 163(a). In addition, there is no corresponding increase to the Investors' bases in the Partnership pursuant to I.R.C. section 722. .

2. It is determined that the Partnership's loan from Refco Capital Markets, Ltd. and the other partnership liabilities constitute an arrangement under I.R.C. section 465(b)(4) to limit the exposure to risk of loss and that the Partnership has not established that any amount greater than the cash payment made by the Partnership for the NPC transaction was at risk. Accordingly, the Partnership's deductions are limited to its amount at risk, which is measured by the aggregate capital contributions of the partners to the partnership, which contributions were used by the Partnership for the cash payment.

3. It is determined that the Partnership's activities do not constitute a trade or business. The Partnership is an investor in the transactions. As a result, it is determined that all of the expenses deducted on the 2000 and 2001 Forms 1065 for the Partnership with respect to the NPC transactions are disallowed under I.R.C. section 162(a). As such, the income and expenses related to the transactions are portfolio income and deductions related to portfolio income respectively, which are separately stated items to each partner pursuant to I.R.C. section 702.

4. It is determined that the Partnership is a sham and should be disregarded for federal income tax purposes. As a result, all income and expenses generated by the Partnership will be characterized at the Investor level based on the Internal Revenue Code.

## ADDITIONS TO TAX

It is determined that the underpayments of tax for the taxable years 2000 and 2001 resulting from the adjustments of partnership items are subject to the accuracy-related penalty under I.R.C. section 6662. Section 6662 imposes an accuracy-related penalty in an amount equal to 20 percent of the portion of an underpayment attributable to, among other things: (1) negligence or disregard of rules and regulations, (2) any substantial understatement of income tax, and (3) any substantial valuation misstatement under Chapter 1.

It is further determined that underpayments are attributable to a plan or arrangement that is a tax shelter within the meaning of I.R.C. section 6662(d)(2)(C)(ii) for which no substantial authority has been established for the position taken, and for which there was no showing of reasonable belief by the Partnership or its management or involved partners that the position taken on the partnership return was more likely than not the correct treatment of the items shown and not shown on the return.

EXHIBIT B

LAW OFFICES

EDWARD ROBBINS, JR.
DIRECT LINE
(310) 281-3200
Email
EdR@Taxlitigator.com

# HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P C.

9150 WILSHIRE BOULEVARD
SUITE 300
BEVERLY HILLS, CALIFORNIA 90212-3414
www.taxlitigator.com

TELEPHONE
(310) 281-3200
(310) 273-1181
FACSIMILE
(310) 859-1430

May 15, 2008

INTERNAL REVENUE SERVICE
SB/SE COMPLIAN & AREA 15

MAY 1 5 2008

TERRITORY _____

_Tad_

**VIA MESSENGER**
Ted Meyer, Territory Manager
Internal Revenue Service
225 West Broadway, 2nd Floor
Glendale, CA 91204
**Attn: Eileen Minassian**

RE: **Alexander Balkanski Trading Partner, LP (EIN 52-2256116) and**
**Alexandre Balkanski (SSN 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)**
- **Tax Years 2000 and 2001**
- **IRS Forms 1040 and 1065**
- **Deposit Pursuant to 26 U.S.C. 6226(c) and 6603(d)**

Dear Mr. Meyer:

Alexandre Balkanski is the sole member-manager of AAB & SB, LLC, th e TMP of
Alexandre Balkanski Trading Partner, LP. Inasmuch as AAB & SB, LLC is a i sregarded
entity for federal tax purposes. Alexandre Balkanski is the TMP of Alexandr Balkanski
Trading Partner, LP. On or about February 22, 2008, the Internal Revenue Serv : e issued a
Notice of Final Partnership Administrative Adjustment ("FPAA") to Alexandr Balkanski
as the TMP and a notice partner of Alexandre Balkanski Trading Partner, LP. A py of this
FPAA is attached.

Pursuant to Section 6226(c) of the Internal Revenue Code ("IRC"), we are subm ing check
number 7830 in the amount of $4,728,578, representing the good faith estimat of the _pro
rata_ liability of AAB & SB, LLC, and ultimately the total liability of Mr. Balka ki, based
on the adjustments set forth in the FPAA.

In the event that it is determined that this deposit exceeds what was necessary, it equested
that the deposit be identified as a deposit eligible for interest under IRC § 6 )3(d) and
Revenue Procedure 2005-18, 2005-13 I.R.B. The Taxpayers do not concede l ility and
nothing contained herein should be construed as a concession of any tax liabili

Ted Meyer, Territory Manager
May 15, 2008
Page 2

In the alternative, if it is ever determined that any portion of such deposit did not qualify
as a deposit made pursuant to Section 6603, such portion should be treated as a deposit in the
nature of a cash bond.

Please date-stamp the copy of the attached check and the copy of this letter for return to
me or my messenger.

Very truly yours,

EDWARD M. ROBBINS, JR.

EMR/vb
Enclosures

279491.1

| | | 7830 |
|---|---|---|
| **Alexandre Balkanski**<br>270 Whiskey Hill Road<br>Woodside, CA 94062 | WELLS FARGO BANK, NA<br>NATIONAL ASSOCIATION<br>CAMPBELL, CA 95008-2365<br>11-4268/1210 | 5/12/2008 |

PAY TO THE   U.S. Department Of The Treasury                                         $ *4,728,578.00
ORDER OF _____

Four Million Seven Hundred Twenty-Eight Thousand Five Hundred Seventy-Eight Only********                    DOLLARS

IRC section 6626(c) deposit

⑈007830⑈ ⑆121042682⑆ 02777013⑈2⑈