EDWARD M. ROBBINS, JR., ESQ., SBN 82696
CHARLES P. RETTIG, ESQ., SBN 97848
DAVID ROTH, ESQ., SBN 56054
HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, California  90212
Telephone:    (310) 281-3200
Facsimile:    (310) 859-1430

Attorneys for Plaintiffs, ALEXANDRE BALKANSKI TRADING PARTNER, LP;
AAB & SB, LLC, Tax Matters Partner; ALEXANDRE BALKANSKI, Sole Member-Manager

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ALEXANDRE BALKANSKI TRADING PARTNER, LP; AAB & SB, LLC, Tax Matters Partner; ALEANDRE BALKANSKI, Sole Member-Manager,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO.  C 08 02494 WDB<br><br>**PROOF OF SERVICE OF SUMMONS AND COMPLAINT FOR READJUSTMENT OF IRS FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS** |

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 9150 Wilshire Boulevard, Suite 300, Beverly Hills, California 90212.

On May 20, 2008, I served the foregoing document described as SUMMONS AND COMPLAINT FOR READJUSTMENT OF IRS FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS, DEMAND FOR JURY TRIAL, CERTIFICATE OF INTERESTED ENTITIES, STANDING ORDER, ECF REGISTRATION INFORMATION HANDOUT and NOTICE OF ASSIGNMENT OF CASE TO A UNITED

1    STATES MAGISTRATE JUDGE FOR TRIAL on the interested parties in this action by placing the true

2    copies of the original thereof enclosed in a sealed envelope addressed as follows:

4                Nathan J. Hochman, Esq.
             Assistant Attorney General
5            Dept. of Justice / Tax Division
             950 Pennsylvania Ave. NW, Room 4607
6            Washington, DC  20530

7                United States Attorney's Office
             450 Golden Gate Avenue, 11th Floor
8            San Francisco, CA 94102

9                The Hon. Wayne D. Brazil
             United States Magistrate Judge
10           Courtroom 4, 3rd Floor
             1301 Clay Street
11           Oakland, CA 94612-5212

13           I placed such envelope with postage thereon fully prepaid in the United States mail at Beverly Hills,

14   California.

15           Executed on May 20, 2008, at Beverly Hills, California.

16           I declare under penalty of perjury under the laws of the State of California that the above is true and

17   correct.

19                            VALERIE BISHOP

21   279714.1

AO 440 (Rev. 03/08) Civil Summons

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| ALEXANDRE BALKANSKI TRADING PARTNER LP | ) |
| Plaintiff | ) |
| v. | ) |
| UNITED STATES OF AMERICA | ) |
| Defendant | ) |

E-filing

Civil Action No.

CV 08     2494

WDB

**Summons in a Civil Action**

To:     UNITED STATES OF AMERICA
_____
*(Defendant's name)*

A lawsuit has been filed against you.

Within   60   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Richard W. Wieking
_____
Name of clerk of court

Date:     MAY     2008

_____
Deputy clerk's signature

MARY ANN BUCKLEY

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

1  EDWARD M. ROBBINS, JR., ESQ., SBN 82696
   CHARLES P. RETTIG, ESQ., SBN 97848
2  DAVID ROTH, ESQ., SBN 56054
   HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P.C.
3  9150 Wilshire Boulevard, Suite 300
   Beverly Hills, California  90212
4  Telephone:    (310) 281-3200
   Facsimile:    (310) 859-1430
5
6  Attorneys for Plaintiffs, ALEXANDRE BALKANSKI
   TRADING PARTNER, LP; AAB & SB, LLC,
7  Tax Matters Partner; ALEXANDRE BALKANSKI,
   Sole Member-Manager
8
9
10              IN THE UNITED STATES DISTRICT COURT
11         FOR THE NORTHERN DISTRICT OF CALIFORNIA
12                   SAN FRANCISCO DIVISION
13
14  ALEXANDRE BALKANSKI TRADING
    PARTNER, LP; AAB & SB, LLC, Tax Matters     CASE NO. _____
15  Partner; ALEXANDRE BALKANSKI Sole
    Member-Manager,
16                                              COMPLAINT FOR READJUSTMENT
17              Plaintiffs,                     OF IRS FINAL PARTNERSHIP
                                                ADMINISTRATIVE ADJUSTMENTS
18              v.
19  UNITED STATES OF AMERICA,
20
21              Defendant.
22
23         COMES NOW, ALEXANDRE BALKANSKI, and AAB & SB, LLC, a California limited
24  liability company (collectively "Plaintiffs"), by their attorneys, and hereby allege as follows:
25         1.      Plaintiff, AAB & SB, LLC ("AA&B"), is a California limited liability company, with
26  its principal place of business in Woodside, California, within the Northern District of California, and is the
27
28

    _____
    COMPLAINT FOR READJUSTMENT OF IRS FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS

FILED BY FAX
PURSUANT TO LOCAL RULES

ORIGINAL

E-filing

WDB

Tax Matters Partner ("TMP") of ALEXANDRE BALKANSKI TRADING PARTNER, LP, a Delaware Limited Partnership ("ABTP").

2.    Plaintiff, ALEXANDRE BALKANSKI, is the sole member-manager of AA&B and is a citizen of the United States, residing in the County of San Mateo, California, within the Northern District of California.

3.    The Defendant is THE UNITED STATES OF AMERICA ("United States").

4.    This is an action for the readjustments of Final Partnership Administrative Adjustments asserted by the Commissioner of the Internal Revenue Service ("Commissioner") with respect to the 2000 and 2001 taxable year of ABTP, as set forth in the Notice of Final Proposed Administrative Adjustments ("FPAA") [Letter 1830 (DO) (Rev 3-2001)], dated February 22, 2008, which was issued by the Office of Internal Revenue Service, Phoenix, Arizona. A copy of the FPAA (including both versions of its cover letter), together with relevant schedules, is attached hereto as EXHIBIT "A."

5.    On or about May 14, 2008, Plaintiff, ALEXANDRE BALKANSKI, pursuant to the requirements of 26 U.S.C. § 6226(e), deposited with the IRS the sum of $ 4,728,578, representing Plaintiffs' good faith estimate of the amount by which the partner-Plaintiffs' liability would be increased if the treatment of the partnership items set forth in the above-referenced FPAA were upheld. A copy of the acknowledged receipt of said deposit is attached hereto as EXHIBIT "B."

6.    The United States has waived sovereign immunity for the district court's review of the FPAA under Title 26, United States Code § 6226, and subject matter jurisdiction is proper pursuant to the provisions of and Title 28, United States Code § 1346(e).

7.    Venue is proper pursuant to 26 U.S.C. § 6226(a)(2) and 28 U.S.C. § 1396.

8.    The FPAA set forth the following proposed adjustments to ABTP's income for the tax year 2000, all of which are in dispute:

| Partnership Item | As Reported | Adjustment | Corrected |
|---|---|---|---|
| Other income (loss) | <$19,642,810> | $19,627,805 | <$15,005> |

---

9. The FPAA set forth the following proposed adjustments to ABTP's income for the tax year 2001, all of which are in dispute:

| Partnership Item | As Reported | Adjustment | Corrected |
|---|---|---|---|
| Portfolio income (loss) net short-term gain (loss) | $12,312,501 | <$12,312,501> | $0 |
| Portfolio income (loss) net long-term gain (loss) | $29,737,447 | <$29,737,447> | $0 |
| Other income (loss) | <$19,820,897> | $22,422,141 | $2,601,244 |

10. The adjustments for the taxable year 2000, as determined by the Commissioner, are based upon the following errors:

(a). The Commissioner erred in eliminating Other income (loss) from ABTP's income in the amount of <$19,642,805>.

11. The adjustments for the taxable year 2001, as determined by the Commissioner, are based upon the following errors:

(a). The Commissioner erred in eliminating ABTP's Portfolio income (loss) net short-term gain (loss) in the amount of $12,312,501.

(b). The Commissioner erred in eliminating ABTP's Portfolio income (loss) net long-term gain (loss) in the amount of $29,737,447.

(c). The Commissioner erred in eliminating Other income (loss) from ABTP's income in the amount of <$19,820,897>.

12. The adjustments for the taxable years 2000 and 2001, as determined by the Commissioner, are based upon the following further errors:

(a). The Commissioner erred in his primary position that ABTP's accounting method for the payments received by ABTP from Refco Capital Markets, Ltd. ("Refco") on the notational principal contract ("NPC") did not clearly reflect income and should be changed to more clearly reflect income.

(b). The Commissioner erred in his primary position that the termination payments received by ABTP from Refco should be recharacterized under the "substance over form" doctrine as having been made at the maturity date of the NPC and treated a ordinary income.

1        (c).  The Commissioner erred in his first alternative position that ABTP's loan from

2 Refco would be disregarded because the loan represented a circular flow of funds.

3        (d).  The Commissioner erred in his second alternative position that ABTP's loan from

4 Refco and ABTP's other liabilities were not at risk.

5        (e).  The Commissioner erred in his third alternative position that ABTP's activities did

6 not constitute a trade or business.

7        (f).  The Commissioner erred in his fourth alternative position that ABTP was a sham

8 and should be disregarded for federal income tax purposes.

9        (g).  The Commissioner erred in claiming the authority to impose penalties under Code

10 section 6662. Penalties can only be imposed, however, if ABTP's positions are incorrect.  ABTP's positions,

11 however, are correct.  Even if ABTP's positions were incorrect, ABTP's would not be subject to penalties if

12 there were reasonable cause and good faith for the positions ABTP's took.  ABTP's positions were supported

13 by two contemporaneously-prepared opinions of qualified tax professionals, and ABTP's was justified in

14 relying upon such opinions.

15        13.  The facts upon which Plaintiffs rely as the basis of this proceeding for the taxable years

16 2000 and 2001 are as follows:

17        (a).  For the taxable year 2000, ABTP properly reported Other income (loss) from

18 ABTP's income in the amount of <$19,642,810> on its income tax return, Form 1065.

19        (b).  For the taxable year 2001, ABTP properly reported Portfolio income (loss) net

20 short-term gain (loss) in the amount of $12,312,501 on its income tax return, Form 1065.

21        (c).  For the taxable year 2001, ABTP properly reported Portfolio income (loss) net

22 long-term gain (loss) in the amount of $29,737,447 on its income tax return, Form 1065.

23        (d).  For the taxable year 2001, ABTP properly reported Other income (loss) from

24 ABTP's income in the amount of <$19,820,897> on its income tax return, Form 1065.

25        (e).  For the taxable years 2000 and 2001, ABTP's accounting method for the payments

26 received by ABTP from Refco on the notational principal contract ("NPC") did clearly reflect income and

27 should not be changed to more clearly reflect income.

28 / / /

1                (f). For the taxable years 2000 and 2001, the form of the termination payments received

2 by ABTP from Refco matched the substance of the transaction and were correctly reported on ABTP's income

3 tax return, Form 1065.

4                (g). For the taxable years 2000 and 2001, ABTP's loan from Refco was a loan in

5 substance and was not a circular flow of funds.

6                (h). For the taxable years 2000 and 2001, ABTP's loan from Refco and ABTP's other

7 liabilities were at risk.

8                (i). For the taxable years 2000 and 2001, ABTP's activities did constitute a trade or

9 business.

10              (j). For the taxable years 2000 and 2001, ABTP was not a sham and should be

11 recognized for federal income tax purposes.

12              (k). For the taxable years 2000 and 2001, ABTP's positions were correctly reported

13 on ABTP's income tax return, Form 1065. Even if ABTP's positions were incorrect, ABTP's would not be

14 subject to penalties if there were reasonable cause and good faith for the positions ABTP's took. ABTP's

15 positions were supported by two contemporaneously-prepared opinions of qualified tax professionals, and

16 ABTP's was justified in relying upon such opinions.

17              (l). On or about April 16, 2002, plaintiffs made a proper disclosure under the

18 Commissioner's Announcement 2002-2. Accordingly, no penalties are appropriate.

19           14. Plaintiffs affirmatively allege that the Commissioner's determination in the FPAA are

20 arbitrary and capricious.

21           15. Plaintiffs affirmatively allege that the Commissioner's FPAA (Exhibit A, hereto) was

22 issued outside the statute of limitations provided by 26 U.S.C. § 6229 and is, therefore, void.

23           16. Plaintiffs are the sole owners of their claims against the United States and have made no

24 assignment of such claims.

25           17. Plaintiffs, ALEXANDRE BALKANSKI TRADING PARTNER, LP; AAB & SB, LLC,

26 Tax Matters Partner; ALEXANDRE BALKANSKI Sole Member-Manager, hereby demand a jury on all issues

27 so triable under the law.

28

1    WHEREFORE, Plaintiffs pray that judgment be entered in their favor as follows:

2    1.    That ABTP properly reported its NPC transaction.

3    2.    That there are  no adjustments to be made to ABTP as alleged in the FPAA.

4    3.    That there is no additional tax due from Plaintiffs [or any other partner of ABTP].

5    4.    For reasonable attorney's fees.

6    5.    For costs of suit herein.

7    6.    For such other and further relief as the Court may deem just and proper.

8
9    DATED: May 14, 2008                    Respectfully submitted,

10                                  HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P.C.

11
12   By: _____
                                  EDWARD M. ROBBINS, JR., ESQ.
13                                CHARLES P. RETTIG, ESQ.
                                  DAVID ROTH, ESQ.
14
15                                Attorneys for Plaintiffs ALEXANDRE BALKANSKI
                                  TRADING PARTNER, LP; AAB & SB, LLC,
16                                Tax Matters Partner; ALEXANDRE BALKANSKI,
                                  Sole Member-Manager

17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

**Internal Revenue Service**
210 E Earll Drive
MS:4020 PHX
Phoenix, AZ  85012

Department of the Treasury

Refer To:   90 Day

Taxpayer Identifying Number:

Name of Partnership:   Alexandre Balkanski Trading Partners,
LP

Partnership Identifying Number:  52-2256116

Tax Year Ended:  2000 and 2001

Date:   FEB 2 2 2008

Alexandre Balkanski
Tax Matters Partner
Alexandre Balkanski Trading Partners, LP
270 Whiskey Hill Road
Woodside, CA  94062-2533

Date FPAA Mailed to the Tax Matters Partner:

FEB 2 2 2008

Person to Contact:   Dianna Renner
Employee Number:   86-17302

Contact Hours:  7:00 AM - 4:00 PM (Monday - Friday)

Contact Telephone Number   (602) 207-8792
(not a toll free number)

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return  The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items  Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return  You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Letter 1830 (DO) (Rev. 3-2001)
Catalog Number 61242U

**Internal Revenue Service**
210 E Earll Drive
MS:4020 PHX
Phoenix, AZ  85012

**Department of the Treasury**

Refer To:   90 Day

Taxpayer Identifying Number:  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

Name of Partnership:   Alexandre Balkanski Trading Partners,
LP

Partnership Identifying Number:  52-2256116

Tax Year Ended:  2000 and 2001

Date:   **FEB 2 2 2008**

Alexandre A Balkanski and
Sybilla Balkanski
270 Whiskey Hill Road
Woodside, CA  94062-2533

Date FPAA Mailed to the Tax Matters Partner:

**FEB 2 2 2008**

Person to Contact:   Dianna Renner
Employee Number:   86-17302

Contact Hours:  7:00 AM - 4:00 PM (Monday - Friday)

Contact Telephone Number:   (602) 207-8792
                (not a toll free number)

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Letter 1830 (DO) (Rev. 3-2001)
Catalog Number 61242U

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

Letter 1830 (DO) (Rev. 3-2001)
Catalog Number 61242U

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

### 3. If you do nothing:

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Tim Conley

Tim Conley
Territory Manager, Technical Services, Western

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

Letter 1830 (DO) (Rev. 3-2001)
Catalog Number 61242U

**FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP**

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

Letter 1830 (DO) (Rev. 3-2001)
Catalog Number 61242U

Page      of

| Form 4605-A | Department of the Treasury - Internal Revenue Service<br>Examination Changes – Partnerships, Fiduciaries, Small Business Corporations, and<br>Domestic International Sales Corporations | | |
|---|---|---|---|

| Name and Address of Taxpayer | Employer Identification Number (TIN) | | Form Number: |
|---|---|---|---|
| Alexandre Balkanski Trading<br>Partners, LP<br>c/o Bolton Capital Planning, LLC<br>2911 Turtle Creek Blvd., Ste 300<br>Dallas, Texas 75219 | | 52-2256116 | 1065 |
| | Person Examination Changes Were Discussed With | Name and Title: | |

| 1. Adjustments to ordinary, distributable net, or taxable income | Tax Period: 12/31/2000 | Tax Period: 12/31/2001 | Tax Period: |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| 2. Total adjustment to ordinary, distributable net, or taxable income | | | |
| 3. Ordinary, distributable net, or taxable income as reported | | | |
| 4. Corrected, ordinary, distributable net, or taxable income | | | |
| 5. Other adjustments | | | |
| a. Portfolio income (loss) net short-term gain (loss) | | | |
| (1) Adjustment | | (12,312,501.00) | |
| (2) As reported | | 12,312,501.00 | |
| (3) Corrected | | 0.00 | |
| b. Portfolio income net long-term gain (loss) total | | | |
| (1) Adjustment | | (29,737,447.00) | |
| (2) As reported | | 29,737,447.00 | |
| (3) Corrected | | 0.00 | |

Remarks

| Examiner's Signature: | Employee ID: | Office: | Date: |
|---|---|---|---|
| Ted Sievert | 84-00903 | SBSE Western Area Exam | 12/15/2006 |

RGS Version 7.30.00

Form 4605-A-CG

Taxpayer:   Alexandre Balkanski Trading Partners, LP
TIN:        52-2256116                                                    Page        of

## Form 4605-A – Other Adjustments (Continued)

| | Tax Period: 12/31/2000 | Tax Period: 12/31/2001 | Tax Period: |
|---|---|---|---|
| c. Other income (loss) | | | |
| (1) Adjustment | 19,627,805.00 | 22,422,141.00 | |
| (2) As reported | (19,642,810.00) | (19,820,897.00) | |
| (3) Corrected | (15,005.00) | 2,601,244.00 | |
| d. Interest expense on investment debts | | | |
| (1) Adjustment | 0.00 | 0.00 | |
| (2) As reported | 380,940.00 | 743,446.00 | |
| (3) Corrected | 380,940.00 | 743,446.00 | |
| e. Distributions - money (cash/securities) | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 8,246,367.00 | |
| (3) Corrected | | 8,246,367.00 | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

RGS Version 7.20.00                                          Form 4605-A-CG (continued)

Name of Taxpayer: Alexandre Balkanski Trading Partners, LP
Identification Number : 52-2256116
Form 1065 - Tax Periods 2000 and 2001
Form 4605-A Attachment

Notional Principal Contracts

| PER RETURN - Tax Year 2000 | Total Amount |
|---|---|
| Other Interest Income | 426,637 |
| IRC Section 988 Income/(Loss) | (22,090) |
| Other Trade or Business Expense | (2,419) |
| Trade or Business Interest Expense | (3,848) |
| Other Ordinary Loss | (20,041,090) |
| Total K-1 Line 7 | (19,642,810) |

| AS CORRECTED - Tax Year 2000 | Total Amount |
|---|---|
| Other Interest Income | 426,637 |
| IRC Section 988 Income/(Loss) | (22,090) |
| Other Trade or Business Expense | (2,419) |
| Trade or Business Interest Expense | (3,848) |
| Other Ordinary Loss | (20,041,090) |
| Other Ordinary Loss (Adjustment) | 19,627,805 |
| Total K-1 Line 7 | (15,005) |

| PER RETURN - Tax Year 2001 | Total Amount |
|---|---|
| Other Interest Income | 483,089 |
| IRC Section 988 Income/(Loss) | 36,206 |
| Other Trade or Business Expense | (4,341) |
| Trade or Business Interest Expense | (7,510) |
| Other Ordinary Loss | (20,328,341) |
| Net Ordinary Income | (19,820,897) |
| Swap ST Capital Gains | 12,312,501 |
| Swap LT Capital Gains | 29,737,447 |
| Total K-1 Line 7 | 22,229,051 |

| AS CORRECTED - Tax Year 2001 | Total Amount |
|---|---|
| Other Interest Income | 483,089 |
| IRC Section 988 Income/(Loss) | 36,206 |
| Other Trade or Business Expense | (4,341) |
| Trade or Business Interest Expense | (7,510) |
| Other Ordinary Loss | (20,328,341) |
| Other Ordinary Loss (Adjustment) | 22,422,141 |
| Net Ordinary Income | 2,601,244 |
| Swap ST Capital Gains | 12,312,501 |
| Swap ST Capital Gains (Adjustment) | (12,312,501) |
| Swap LT Capital Gains | 29,737,447 |
| Swap LT Capital Gains (Adjustment) | (29,737,447) |
| Total K-1 Line 7 | 2,601,244 |

Name of Taxpayer: Alexandre Balkanski Trading Partners, LP
Identification Number : 52-2256116
Form 1065 - Tax Periods 2000 and 2001
Form 4605-A Attachment

<u>NPC Adjustment Computational Analysis:</u>
(1) Convert all NPC Payments to ordinary income.
(2) Allocate Fixed Payment Component between years one and two.

| Summary of All Contracts: | Claimed Gain Gains Payments 2001 | Per Examination Allocation Capital Gains 2001 | Reclassify as Ordinary Income 2000 | 2001 |
|---|---|---|---|---|
| RCM 2000-08-25-01 | 29,737,446 | 0 | 9,736,184 | 20,001,262 |
| RCM 2000-08-25-02 | 12,312,501 | 0 | 9,891,621 | 2,420,879 |
| Sub-Total | 42,049,947 | 0 | 19,627,805 | 22,422,141 |
| Claimed Ordinary Loss per Return (NPC) | | | (19,642,810) | (19,820,897) |
| Net Ordinary Income Per Examination (NPC) | | | (15,005) | 2,601,244 |

| Contract Reference: RCM 2000-08-25-01 | Claimed Gain Gains Payments Payments 2001 | Per Examination Allocation Reclassify as Ordinary Income 2000 | 2001 |
|---|---|---|---|
| Contingent Currency Index Rate Notional Payments | | | |
| Equity Pmt Tranche A-3 | 3,757,764 | | 3,757,764 |
| Equity Pmt Tranche C-2 | (2,757,764) | | (2,757,764) |
| Allocation of Fixed Interest Payments: | | | |
| Fixed Payment Tranche A-2 | 27,240,913 | (See Below) 9,229,162 | 18,011,751 |
| Fixed Payment from Tranche C-1 | 1,496,533 | (See Below) 507,022 | 989,511 |
| Total | 29,737,446 | 9,736,184 | 20,001,262 |

<u>Tranche A-2 Fixed Interest Rate Payment - From REFCO</u>
(Period from 08/29/00 through 08/30/01)

| | | | |
|---|---|---|---|
| Payment made on 08/30/01 - | | | 27,240,913 |
| Times Day Count Fraction for 2000 | divided by | 366 | 0.338798 |
| | | Total for 2000 | 9,229,162 |
| Allocated to 2001 | | | 27,240,913 |
| | divided by | 366 | 0.661202 |
| | | Total for 2001 | 18,011,751 |

<u>Tranche C-1 Fixed Interest Rate Payment - From REFCO</u>
(Period from 08/29/00 through 08/30/01)

| | | | |
|---|---|---|---|
| Payment made on 08/30/01 - | | | 1,496,533 |
| Times Day Count Fraction for 2000 | divided by | 366 | 0.338798 |
| | | Total for 2000 | 507,022 |
| Allocated to 2001 | | | 1,496,533 |
| | divided by | 366 | 0.661202 |
| | | Total for 2001 | 989,511 |

Name of Taxpayer:  Alexandre Balkanski Trading Partners, LP
Identification Number : 52-2256116
Form 1065 - Tax Periods 2000 and 2001
Form 4605-A Attachment

### NPC Adjustment Computational Analysis:
(1)  Convert all NPC Payments to ordinary income.
(2)  Allocate Fixed Payment Component between years one and two.

| Contract Reference: RCM 2000-08-25-02 | Claimed Gain Gains Payments Payments 2001 | Per Examination Allocation Reclassify as Ordinary Income | |
|---|---|---|---|
| | | 2000 | 2001 |
| **Contingent Currency Rate Notional Payments** | | | |
| Currency Pmt Tranche A3 | 3,077,773 | | 3,077,773 |
| Currency Pmt Tranche C-2 | (2,172,546) | | (2,172,546) |
| | | | 905,227 |
| **Allocation of Fixed Interest Payments:** | | | |
| Fixed Payment Tranche A-2 | 10,814,300 | 9,377,435 | 1,436,865 |
| Fixed Payment from Tranche C-1 | 592,973 | 514,186 | 78,787 |
| Total | 12,312,500 | 9,891,621 | 2,420,879 |

**Tranche A-2 Fixed Interest Rate Payment - From REFCO**
(Period from 08/29/00 through 01/19/01)

| | | | |
|---|---|---|---|
| Payment made on 01/19/01 - | | | 10,814,300 |
| Times Day Count Fraction for 2000 | divided by | 143 | 0.867133 |
| | | Total for 2000 | 9,377,435 |
| Allocated to 2001 | | | |
| | | | 10,814,300 |
| | divided by | 143 | 0.132867 |
| | | Total for 2001 | 1,436,865 |

**(E)  Tranche C-1 Fixed Interest Rate Payment - From REFCO**
(Period from 08/29/00 through 01/19/01)

| | | | |
|---|---|---|---|
| Payment made on 01/19/01 - | | | 592,973 |
| Times Day Count Fraction for 2000 | divided by | 143 | 0.867133 |
| | | Total for 2000 | 514,186 |
| Allocated to 2001 | | | |
| | | | 592,973 |
| | divided by | 143 | 0.132867 |
| | | Total for 2001 | 78,787 |

Name of Taxpayer:  Alexandre Balkanski Trading Partners, LP
Identification Number : 52-2256116
Form 1065 - Tax Periods 2000 and 2001
Form 4605-A Attachment

| Return 1065 - Schedule K, line 7 - Period 2000 | | Per Books/ Return | Per Examination | Adjustment |
|---|---|---|---|---|
| Account Description | | | | |
| Other Interest Income | | 426,637 | 426,637 | |
| IRC Section 988 Income/(Loss) | | (22,090) | (22,090) | |
| Other Trade or Business Expense | | (2,419) | (2,419) | |
| Trade or Business Interest Expense | | (3,848) | (3,848) | |
| | ST | 398,280 | 398,280 | 0 |
| Incentive Fees | | (1,497) | (1,497) | |
| Mgmt Fees | | (1,827) | (1,827) | |
| Attorney Fees | | (50,000) | (50,000) | |
| Closing Fees | | (243,333) | (243,333) | |
| Collar Premium | | (95,993) | (95,993) | |
| Professional Fees | | (250,000) | (250,000) | |
| | ST | (244,370) | (244,370) | 0 |
| Periodic Swap Payments | | (19,398,440) | (19,398,440) | 0 |
| Accrued Fixed Swap Rights - A2 | 2000-08-25-01 | 0 | 9,229,162 | 9,229,162 |
| Accrued Fixed Swap Rights - C1 | 2000-08-25-01 | 0 | 507,022 | 507,022 |
| Accrued Fixed Swap Rights - A2 | 2000-08-25-02 | 0 | 9,377,435 | 9,377,435 |
| Accrued Fixed Swap Rights - C1 | 2000-08-25-02 | 0 | 514,186 | 514,186 |
| | Line 7 | (19,642,810) | (15,005) | 19,627,805 |

| Return 1065 - Schedule K, line 7 - Period 2001 | | Per Books/ Return | Per Examination | Adjustment |
|---|---|---|---|---|
| Other Interest Income | | 483,089 | 483,089 | |
| IRC Section 988 Income/(Loss) | | 36,206 | 36,206 | |
| Other Trade or Business Expense | | (4,341) | (4,341) | |
| Trade or Business Interest Expense | | (7,510) | (7,510) | |
| | ST | 507,444 | 507,444 | 0 |
| Incentive Fees | | (8,000) | (8,000) | |
| Mgmt Fees | | (7,464) | (7,464) | |
| Collar Premium | | (329,007) | (329,007) | |
| | ST | 162,973 | 162,973 | 0 |
| Periodic Swap Payments | | (19,983,870) | (19,983,870) | 0 |
| Contingent Currency Pmts - A3 | 2000-08-25-01 | 0 | 3,757,764 | 3,757,764 |
| Contingent Currency Pmts - C2 | 2000-08-25-01 | 0 | (2,757,764) | (2,757,764) |
| Contingent Currency Pmts - A3 | 2000-08-25-02 | 0 | 3,077,773 | 3,077,773 |
| Contingent Currency Pmts - C2 | 2000-08-25-02 | 0 | (2,172,546) | (2,172,546) |
| Accrued Fixed Swap Rights - A2 | 2000-08-25-01 | 0 | 18,011,751 | 18,011,751 |
| Accrued Fixed Swap Rights - C1 | 2000-08-25-01 | 0 | 989,511 | 989,511 |
| Accrued Fixed Swap Rights - A2 | 2000-08-25-02 | 0 | 1,436,865 | 1,436,865 |
| Accrued Fixed Swap Rights - C1 | 2000-08-25-02 | 0 | 78,787 | 78,787 |
| Net Ordinary Income | | (19,820,897) | 2,601,244 | 22,422,141 |
| Swap ST Capital Gains | | 12,312,501 | 0 | (12,312,501) |
| Swap LT Capital Gains | | 29,737,447 | 0 | (29,737,447) |
| | TOTAL LINE 7 | 22,229,051 | 2,601,244 | (19,627,807) |

| Form 886- A<br>(REV April 1968) | EXPLANATION OF ITEMS | Schedule No. or<br>Exhibit |
|---|---|---|
| Name of Taxpayer:<br><br>**Alexandre Balkanski Trading Partners, L.P.** | | Year/Period Ended<br>**12/31/2000 &**<br>**12/31/2001** |

### Notional Principal Contract (NPC) Adjustment Issues

| Tax Period | 2000 | 2001 |
|---|---|---|
| Other Ord. Income (Loss) Per Return | $(19,642,810) | $(19,820,897) |
| Other Ord. Income (Loss) Per Exam | $    (15,005) | $  2,601,244 |
| Adjustment | $ 19,627,805 | $22,422,141 |

| | | |
|---|---|---|
| Short Term Capital Gains Per Return | 0 | $ 12,312,501 |
| Short Term Capital Gains Per Examination | 0 | $      0 |
| Adjustment | 0 | $(12,312,501) |

| | | |
|---|---|---|
| Long Term Capital Gains Per Return | 0 | $ 29,737,447 |
| Long Term Capital Gains Per Examination | 0 | $      0 |
| Adjustment | 0 | $(29,737,447) |

### Reconciliation to Schedule K, Line 7:

| Tax Period | 2000 | 2001 |
|---|---|---|
| **PER RETURN** | | |
| Ord. Income – Trade, per Return | (19,642,810) | (19,820,897) |
| ST Capital Gains Per Return | 0 | 12,312,501 |
| LT Capital Gains Per Return | 0 | 29,737,447 |
| Total Other Income/Loss (line 7) Per Return | (19,642,810) | 22,229,051 |
| | | |
| **PER EXAMINATION** | | |
| Ord. Income – Trade, per Exam | (15,005) | 2,601,244 |
| ST Capital Gain per Exam | 0 | 0 |
| LT Capital Gain per Exam | 0 | 0 |
| Total Other Income/Loss (line 7) Per Exam | (15,005) | 2,601,244 |

| Total Adjustment | 19,627,805 | (19,627,807) |
|---|---|---|

EXHIBIT A - Explanation of Items
Alexandre Balkanski Trading Partners, L.P.
Final Partnership Administrative Adjustment Letter
Tax Years Ended: December 31, 2000 and December 31, 2001
TIN: 52-2256116

PRIMARY POSITION:

The accounting of the Alexandre Balkanski Trading Partners, L.P. ("Partnership") for the notional principal contract ("NPC") payments received from Refco Capital Markets, Ltd. does not clearly reflect income. The Commissioner has determined that a principal purpose of the Partnership's entering into the NPC transactions was an attempt to use the rules of I.R.C. section 446 to produce a material distortion of income. Accordingly, under Treas. Reg. § 1.446-3(i), the Commissioner has determined the following treatment is necessary in order to reflect the appropriate timing of the income and the deductions from the NPCs: The Partnership's method of accounting is changed to require the noncontingent component of the amounts paid by Refco Capital Markets, Ltd. to the Partnership pursuant to the NPCs to be accrued ratably over the term of the NPCs. Based on the facts of the case, the Commissioner has also determined that under the "substance over form" doctrine, the alleged termination payments received by the Partnership from Refco Capital Markets, Ltd. should be viewed as having been made at the maturity of the contract and treated as ordinary income.

Accordingly, in tax year ended December 31, 2001, Net Short-Term Capital Gain and Net Long-Term Capital Gain included in Other Income (Loss)(Schedule K – Line 7) is re-characterized as ordinary income in the amounts of $12,312,501 and $29,737,447, respectively. As a result, Other Income (Loss)(Schedule K – Line 7) is increased by $19,627,805 in tax year 2000 and $22,422,141 in tax year 2001.

IN THE ALTERNATIVE:

1. It is determined that the Partnership's loan from Refco Capital Markets, Ltd. will be disregarded for income tax purposes because it represents a circular flow of funds. Therefore, there is no liability pursuant to I.R.C. section 752. As a result, the Partnership's interest deductions are disallowed under I.R.C. section 163(a). In addition, there is no corresponding increase to the Investors' bases in the Partnership pursuant to I.R.C. section 722. .

2. It is determined that the Partnership's loan from Refco Capital Markets, Ltd. and the other partnership liabilities constitute an arrangement under I.R.C. section 465(b)(4) to limit the exposure to risk of loss and that the Partnership has not established that any amount greater than the cash payment made by the Partnership for the NPC transaction was at risk. Accordingly, the Partnership's deductions are limited to its amount at risk, which is measured by the aggregate capital contributions of the partners to the partnership, which contributions were used by the Partnership for the cash payment.

3. It is determined that the Partnership's activities do not constitute a trade or business. The Partnership is an investor in the transactions. As a result, it is determined that all of the expenses deducted on the 2000 and 2001 Forms 1065 for the Partnership with respect to the NPC transactions are disallowed under I.R.C. section 162(a). As such, the income and expenses related to the transactions are portfolio income and deductions related to portfolio income respectively, which are separately stated items to each partner pursuant to I.R.C. section 702.

4. It is determined that the Partnership is a sham and should be disregarded for federal income tax purposes. As a result, all income and expenses generated by the Partnership will be characterized at the Investor level based on the Internal Revenue Code.

## ADDITIONS TO TAX

It is determined that the underpayments of tax for the taxable years 2000 and 2001 resulting from the adjustments of partnership items are subject to the accuracy-related penalty under I.R.C. section 6662. Section 6662 imposes an accuracy-related penalty in an amount equal to 20 percent of the portion of an underpayment attributable to, among other things: (1) negligence or disregard of rules and regulations, (2) any substantial understatement of income tax, and (3) any substantial valuation misstatement under Chapter 1.

It is further determined that underpayments are attributable to a plan or arrangement that is a tax shelter within the meaning of I.R.C. section 6662(d)(2)(C)(ii) for which no substantial authority has been established for the position taken, and for which there was no showing of reasonable belief by the Partnership or its management or involved partners that the position taken on the partnership return was more likely than not the correct treatment of the items shown and not shown on the return.

EXHIBIT B

LAW OFFICES

# HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P.C.

EDWARD ROBBINS, JR.
DIRECT LINE
(310) 281-3200
Email
EdR@Taxlitigator.com

9150 WILSHIRE BOULEVARD
SUITE 300
BEVERLY HILLS, CALIFORNIA 90212-3414
www.taxlitigator.com

TELEPHONE
(310) 281-3200
(310) 273-1181
FACSIMILE
(310) 859-1430

May 15, 2008

INTERNAL REVENUE SERVICE
SB/SE COMPLIANCE AREA

MAY 15 2008

TERRITORY

**VIA MESSENGER**
Ted Meyer, Territory Manager
Internal Revenue Service
225 West Broadway, 2nd Floor
Glendale, CA 91204
**Attn: Eileen Minassian**

RE:    **Alexander Balkanski Trading Partner, LP (EIN 52-2256116) and**
       **Alexandre Balkanski (SSN 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)**
       **- Tax Years 2000 and 2001**
       **- IRS Forms 1040 and 1065**
       **- Deposit Pursuant to 26 U.S.C. 6226(c) and 6603(d)**

Dear Mr. Meyer:

Alexandre Balkanski is the sole member-manager of AAB & SB, LLC, the TMP of
Alexandre Balkanski Trading Partner, LP. Inasmuch as AAB & SB, LLC is a disregarded
entity for federal tax purposes, Alexandre Balkanski is the TMP of Alexandre Balkanski
Trading Partner, LP. On or about February 22, 2008, the Internal Revenue Service issued a
Notice of Final Partnership Administrative Adjustment ("FPAA") to Alexandre Balkanski
as the TMP and a notice partner of Alexandre Balkanski Trading Partner, LP. A copy of this
FPAA is attached.

Pursuant to Section 6226(c) of the Internal Revenue Code ("IRC"), we are submitting check
number 7830 in the amount of $4,728,578, representing the good faith estimate of the *pro
rata* liability of AAB & SB, LLC, and ultimately the total liability of Mr. Balkanski, based
on the adjustments set forth in the FPAA.

In the event that it is determined that this deposit exceeds what was necessary, it is requested
that the deposit be identified as a deposit eligible for interest under IRC § 6603(d) and
Revenue Procedure 2005-18, 2005-13 I.R.B. The Taxpayers do not concede liability and
nothing contained herein should be construed as a concession of any tax liability.

Ted Meyer, Territory Manager
May 15, 2008
Page 2

In the alternative, if it is ever determined that any portion of such deposit did not qualify
as a deposit made pursuant to Section 6603, such portion should be treated as a deposit in the
nature of a cash bond.

Please date-stamp the copy of the attached check and the copy of this letter for return to
me or my messenger.

Very truly yours,

EDWARD M. ROBBINS, JR.

EMR/vb
Enclosures

279491.1

**Alexandre Balkanski**
270 Whiskey Hill Road
Woodside, CA 94062

WELLS FARGO BANK, NA
NATIONAL ASSOCIATION
CAMPBELL, CA 95008-2385
11-4268/1210

7830

5/12/2008

PAY TO THE
ORDER OF ___ U.S. Department Of The Treasury _____

$ *4,728,578.00

Four Million Seven Hundred Twenty-Eight Thousand Five Hundred Seventy-Eight Only******* _____ DOLLARS

IRC section 6626(c) deposit

⑈007830⑈ ⑈121042682⑈ 027701328⑈

EDWARD M. ROBBINS, JR., ESQ., SBN 82696
CHARLES P. RETTIG, ESQ., SBN 97848
DAVID ROTH, ESQ., SBN 56054
HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, California  90212
Telephone:    (310) 281-3200
Facsimile:    (310) 859-1430

Attorneys for Plaintiffs, ALEXANDRE BALKANSKI
TRADING PARTNER, LP; AAB & SB, LLC,
Tax Matters Partner; ALEXANDRE BALKANSKI,
Sole Member-Manager

E-filing

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXANDRE BALKANSKI TRADING PARTNER, LP; AAB & SB, LLC, Tax Matters Partner; ALEXANDRE BALKANSKI Sole Member-Manager, | |
| Plaintiffs, | CASE NO. _____ |
| v. | DEMAND FOR JURY TRIAL  WDB |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## DEMAND FOR JURY TRIAL

Plaintiffs, ALEXANDRE BALKANSKI TRADING PARTNER, LP; AAB & SB, LLC, Tax Matters Partner; ALEXANDRE BALKANSKI Sole Member-Manager, hereby demand a jury on all issues so triable under the law.

DEMAND FOR JURY TRIAL

1

2  DATED: May 14, 2008

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Hochman, Salkin, Rettig, Toscher & Perez, P.C.

By: _____
    EDWARD M. ROBBINS, JR., ESQ.
    CHARLES P. RETTIG, ESQ.
    DAVID ROTH, ESQ.

Attorneys for Plaintiffs ALEXANDRE BALKANSKI
TRADING PARTNER, LP; AAB & SB, LLC,
Tax Matters Partner; ALEXANDRE BALKANSKI,
Sole Member-Manager

---

DEMAND FOR JURY TRIAL

2

ORIGINAL

08 MAY 15 PM 3: 57

E-filing

1  EDWARD M. ROBBINS, JR., ESQ. (SBN 82696)
2  CHARLES P. RETTIG, ESQ. (SBN 97848)
3  DAVID ROTH, ESQ. (SBN 56054)
   HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P.C.
4  9150 Wilshire Boulevard, Suite 300
   Beverly Hills, CA 90212
5  Phone: (310) 281-3200
6  Fax:    (310) 859-5129

7  Attorneys for Plaintiffs, ALEXANDRE BALKANSKI
8  TRADING PARTNER, LP; AAB & SB, LLC,
   Tax Matters Partner; ALEXANDRE BALKANSKI,
9  Sole Member-Manager

10           IN THE UNITED STATES DISTRICT COURT
11         FOR THE NORTHERN DISTRICT OF CALIFORNIA
                DIVISION OF SAN FRANCISCO
12

13  ALEXANDRE BALKANSKI TRADING        )
14  PARTNER, LP; AAB & SB, LLC, Tax    )
    Matters Partner; ALEXANDRE         )
15  BALKANSKI, Sole Member-Manager,    )
16                                     )
                          Plaintiffs,  )     Civ. No. _____
17                                     )
                                       )
18            v.                       )
19                                     )     WDB
    UNITED STATES OF AMERICA,          )
20                                     )
                          Defendant.   )
21  _____   )
22

23          CERTIFICATE OF INTERESTED PARTIES
24

25      The captioned plaintiffs and defendant are the sole interested parties.
26

27

28  CERTIFICATE OF INTERESTED PARTIES        1

FILED BY FAX
PURSUANT TO LOCAL RULES

1

2

3

4

5

6

7  Dated: May 14, 2008          by

8

9

10

11

12

13

14

15

16

17  279537.1

18

19

20

21

22

23

24

25

26

27

28  CERTIFICATE OF INTERESTED PARTIES          2

Respectfully submitted,

ALEXANDRE BALKANSKI TRADING
PARTNER, LP; AAB & SB, LLC, Tax Matters
Partner, ALEXANDRE BALKANSKI, Sole
Member-Manager,

EDWARD M. ROBBINS, JR., ESQ.
CHARLES P. RETTIG, ESQ.
DAVID ROTH, ESQ.
HOCHMAN, SALKIN, RETTIG, TOSCHER
& PEREZ, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, CA 90212
Phone: (310) 281-3200
Fax:    (310) 859-5129

*FILED*

08 MAY 15 PH 4:07

RICHARD W. WIEKING

CV 08    2494

E-filing

8/18/08 @ 4:4PM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

### STANDING ORDER

### U.S. MAGISTRATE JUDGE WAYNE D. BRAZIL

### Criminal Matters

1.   Subject to published Notices of Unavailability,[1] **the master criminal calendar**
for Oakland venued cases is held Monday through Friday, beginning at **10:00 a.m.**, in
Courtroom 4, Third Floor, United States Courthouse, 1301 Clay Street, Oakland,
California.

2.   **Requests to add matters to or continue matters on the criminal calendar**
must be directed to Magistrate Judge Brazil's **Courtroom Deputy, Ivy Garcia, at
(510) 637-3639.**

The court will try to accommodate reasonable "last minute" requests to add
matters to the 10:00 a.m. criminal calendar. The court requests, however, that counsel,
the probation officer, or the pretrial services officer bring to court at least two extra

---

[1]Notices of Unavailability are posted in the clerk's office and published in the Recorder, the Daily
Journal, and on the Court's internet site at http://www.cand.uscourts.gov.

1

1  copies of any pertinent documents so that the parties and the judge will have the
2  information needed for the proceeding.

3       The clerk's office requires **24 hours notice** for all matters requiring an
4  **interpreter**.

5

6  3.      Subject to published Notices of Unavailability, Magistrate Judge Brazil usually
7  is available Monday through Friday after the master criminal calendar -- typically,
8  about 11:15 a.m. -- **to review proposed criminal complaints or applications for**
9  **warrants**.  Attorneys or agents who cannot present their papers at this time must call
10  Ms. Garcia, in advance, at (510) 637-3639,  to determine when the Magistrate Judge
11  will be available to consider their requests.

12

13

14                              **Civil Matters**

15

16  4.      **Civil matters may be placed on the Magistrate Judge's calendar only by his**
17  **administrative law clerk, who can be reached at (510) 637-3324**.  Before noticing
18  any matter on the Magistrate Judge's calendar, parties must reserve a specific date and
19  time with the administrative law clerk.  In most instances, civil law and motion matters
20  are heard on Wednesday afternoons.  Unless otherwise ordered in a particular matter,
21  motion practice is governed by the Civil Local Rules, which are available from the
22  Clerk's Office and on the court's internet site at:  http://www.cand.uscourts.gov.

23

24  5.      Except as noted in paragraph 6, below, **discovery disputes** will be handled
25  according to the provisions of the Civil Local Rules.  Specific questions about
26  situations not addressed by the Local Rules may be directed to the administrative law
27  clerk at (510) 637-3324.

28

6.    **If a dispute arises during a discovery event** the parties must attempt to resolve the matter without judicial intervention by conferring in good faith.  If good faith negotiations between the parties fail to resolve the matter, and if disposition of the dispute during the discovery event likely would result in substantial savings of expense or time, counsel or a party may call the administrative law clerk at (510) 637-3324 to determine whether Magistrate Judge Brazil is available to address the problem through a telephone conference during the discovery event.

7.    After the <u>initial</u> case management conference, parties usually **may elect to appear by phone** at hearings or conferences in civil matters that do not involve the taking of evidence or settlement negotiations.  A party who wishes to appear by phone must secure permission in advance from Judge Brazil's administrative law clerk.  If more than one party will appear by phone, the clerk will designate the party whose counsel must initiate the conference call, get all parties on the line, then call the court's **conference line at (510) 637-3326** at the time noticed for the appearance.

8.    All filings related to civil motions <u>referred</u> to Magistrate Judge Brazil (i.e., motions in cases assigned for trial to another judge) must **set forth in the caption** or prominently at the beginning of the filing the **civil case number and the District Judge's initials followed by the designation "(WDB)".**

9.    When **motions** have been **referred** to Judge Brazil **by a District Judge who sits in San Francisco** the parties must file the original and a chambers copy of pertinent documents in the Clerk's Office in San Francisco but also **must deliver an additional copy directly to the Clerk's Office in Oakland for Judge Brazil.**  See Civil Local Rule 5-1(b).

10.    **In all "E-Filing" cases:** when filing papers in connection with any motion for determination by the judge, if the length of the motion (or opposition) and supporting

1 | documents exceeds ten pages, the parties must, in addition to filing papers
2 | electronically, lodge with chambers a printed copy of the papers by the close of the
3 | next court day following the day the papers are filed electronically.  These printed
4 | copies must be marked "Chambers Copy" and must be submitted to the Clerk's Office,
5 | in an envelope clearly marked with the judge's name, case number and "E-Filing
6 | Chambers Copy."  Parties shall not file a paper copy of any document with the Clerk's
7 | Office that has already been filed electronically.

8 |

9 | 11.    Motions for **summary judgment** must be accompanied by a statement of the
10 | material facts not in dispute, supported by citations to admissible evidence. The parties
11 | must file a joint statement of undisputed facts where possible.  If the parties are unable
12 | to reach complete agreement after meeting and conferring, they must file a joint
13 | statement of the undisputed facts about which they do agree.  Any party may then file
14 | a separate statement of the additional material facts that the party contends are not
15 | subject to genuine dispute.

16 |

17 | 12.    **Unless specifically requested, the court does not provide a court reporter for**
18 | **most pre-trial proceedings.**  The court records the proceedings on audiotape, a copy
19 | of which may be obtained by submitting a request to the clerk's office, accompanied
20 | by a check for $26.00 payable to the District Court.  Each such request must include
21 | the title and number of the case, as well as the date and time of the proceeding for
22 | which a copy of the tape is requested.

23 |        **A party who wishes to have a court reporter present for a pretrial**
24 | **proceeding in a civil matter must notify Judge Brazil's administrative law clerk**
25 | **(at 510-637-3324) at least two weeks before the date set for the proceeding.**

26 |

27 | 13.    Parties are reminded that most procedural questions are answered in the Federal
28 | Rules of Civil Procedure, the Local Rules, or this Standing Order.  Parties should not
   | contact Chambers for answers to procedural questions without first carefully examining

4

the **current** provisions of these authorities.   Current versions of the Local Rules and this Standing Order are published on the Court's internet site -- http://www.cand.uscourts.gov.


### Settlement Conferences

14.  Scheduling:

    A.  Settlement conferences hosted by Judge Brazil usually are held on Monday, Tuesday, or Thursday afternoons beginning at either 1:00 p.m. or 2:00 p.m.   Participants are to appear in Courtroom 4 on the third floor of the United States Courthouse at 1301 Clay Street in Oakland, CA.

    B.  To schedule a settlement conference, or to ask to move a settlement conference already scheduled, counsel are to contact Judge Brazil's Administrative Law Clerk by phone at (510) 637-3324.


15.  <u>Counsel Must Meet and Confer, In Person or by Phone, Before Preparing Their Written Settlement Conference Statements.</u>

No fewer than <u>ten court days before the settlement conference</u>, counsel for the anticipated participants must meet and confer (in person or voice to voice) to discuss matters pertinent to improving the prospects that the settlement negotiations will be productive.   In these discussions counsel may address any subjects they feel are appropriate – but they <u>must discuss</u> the following:

    A.  Who will attend the conference on behalf of each party, identifying the lawyer and the client representative, as well as any other persons.

    B.  Which persons or entities must approve a proposed settlement agreement before it can be executed; the nature and duration of that approval process; the standards or criteria generally applied in it; and any foreseeable barriers to approval or special concerns that the approving authority might want addressed.

C.   Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; whether any insurer will have a representative at the settlement conference and, if so, the name of and position held by each such representative.

D.   Whether it would be useful for settlement demands and/or offers to be made before the settlement conference is convened; and whether the parties might want to consider "structured settlements" and, if so, whether experts in structuring settlements should develop proposals in advance and/or attend the conference.

E.   Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

F.   Whether one or more of the parties will ask that the negotiations include any non-monetary items and/or trades or payments in kind; if so, what any such non-monetary items would be (e.g., reinstatement of employment, a job-reassignment or promotion, retirement status or benefits, other fringe benefits, a letter of recommendation, an apology, a joint venture, a buy-out, a licensing agreement, providing products at no cost or discounts, a press release, etc.).

G.   Any unusual issues or factors that could come into play in the settlement negotiations or any especially sensitive matters that other counsel should be alerted to before the settlement conference.

16.   Confidential Written Settlement Conference Statements:

A.   Unless otherwise ordered, **no fewer than seven (7) court days before the settlement conference** each party must deliver to the office of the Clerk of the Court in Oakland (4th Floor, 1301 Clay Street) a **Confidential Settlement Conference Statement** that addresses all matters listed in

subparagraph C., below. **The caption must instruct the Clerk to lodge but not file the Statement.**

*Failure to timely submit a settlement conference statement may result in sanctions.*

B.    Parties are **not required to serve** other parties with copies of their Confidential Settlement Conference Statement.

C.    The **Confidential Settlement Conference Statement,** which may not exceed fifteen (15) pages of text and fifteen (15) pages of exhibits, **must include** the following:

    (I)    a brief chronological statement of the facts of the case;

    (ii)    a brief statement of the principal claims and defenses;

    (iii)    a description of the major factual and legal issues that are in dispute;

    (iv)    separately for each principal claim and defense, a forthright evaluation of the likelihood that the party submitting the Statement will prevail;

    (v)    the bases for any damages calculations, and a description of any non-monetary relief sought or non-monetary components of settlement offers or demands;

    (vi)    a summary of the proceedings to date and a description of any pending motions;

    (vii)    an estimate of the expenses and fees that are likely to be incurred in completing discovery, pretrial, and trial;

    (viii)    a history of past settlement negotiations (without revealing communications whose disclosure to a settlement judge is prohibited), a description of the principal obstacles (factual, legal, or other) to reaching agreement, and the reasons the parties' assessments of the case's settlement value differ;

      (ix)   each component of each party's most recently communicated settlement demand or offer (describing specifically any non-monetary terms that were demanded or offered);

      (x)   a settlement figure or terms that, given all the circumstances, is realistic and that the party submitting the Statement would consider seriously; and

      (xi)  a brief discussion of any of the subjects identified in Section II of this Order that might be significant in the settlement dynamic.

17.   Required Attendance at Settlement Conferences:

    A.   <u>Lead trial counsel</u> must appear at the Settlement Conference with the <u>parties</u> <u>and</u> with the person or <u>persons having full authority to negotiate and to settle the case.</u>

    B.   In all cases where an insurance company's agreement would be necessary to achieve a settlement, the <u>carrier's claims representative</u>, with **full authority** to negotiate up to the limits of coverage, also must attend the Settlement Conference.

    C.   When a party's final authority to agree to terms of settlement is vested in a <u>governing body,</u> at least **seven (7) court days** before the conference counsel for that party must communicate in writing to Magistrate Judge Brazil and to counsel for other parties <u>how (through whom) the governing body will appear</u>. In addition, counsel must describe the procedure that would be followed in securing that body's consideration of proposed settlement terms.

    D.   A person **seeking to be excused from appearing in person** at a settlement conference must deliver, **no fewer than seven (7) court days before the conference**, a letter to the Magistrate Judge, simultaneously delivering copies to all counsel. The letter must:

      (I) explain in detail why attendance in person would impose an extraordinary or otherwise unjustifiable hardship;

      (ii) explain why the fact that the person would not attend in person would have no adverse impact on the parties' and the court's ability to pursue and achieve the purposes of a settlement conference;

      (iii) state realistically the amount in controversy in the case;

      (iv) indicate whether the other parties oppose or do not oppose the request; and

      (v) be accompanied by a proposed order.

E.    Within two (2) court days of receiving a copy of another person's request to be excused from attending a settlement conference in person, a party who opposes the request must deliver (by fax or otherwise) simultaneously to all other parties and to Magistrate Judge Brazil a writing that details the grounds for the objection. Judge Brazil's fax number is 510-637-3327.

F.    **A party who is excused from appearing in person <u>must</u> be available** to **participate by telephone** <u>throughout the conference</u>. *Failure to be available for participation by phone for the full duration of the conference may result in imposition of sanctions.*

18.   Requests for Continuances:

    A.    Any request to continue a settlement conference must be submitted in writing at least seven (7) court days in advance and only after consultation with all other parties. The request must indicate whether it is joined or opposed by the other parties.

    B.    If the date to which a continuance is sought would be past a deadline for holding the settlement conference that was set by the judge to whom the case is assigned for trial, the party seeking the continuance must secure permission from that judge to hold the settlement conference during the

1    proposed new time frame <u>before seeking the continuance from Magistrate</u>

2    <u>Judge Brazil</u>. A writing evidencing the assigned judge's extension of the

3    deadline must accompany the party's request to Judge Brazil for the

4    continuance.

5

6    19.    Notification that Case Terminated Before Settlement Conference.

7        The parties must notify Judge Brazil's administrative law clerk immediately if

8    they settle their case or it is otherwise terminated before the date set for the settlement

9    conference.

10   IT IS SO ORDERED.

11

12   Dated: 11/10/03                      _____

13                                   WAYNE D. BRAZIL

14                                   United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     Motions: All prior and pending motions, their current status, and any anticipated motions.

5.     Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

-2-

 

CV 08   2494
E-filing

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45.  This means that you must (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form.  Follow ALL the instructions on the form carefully.  If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records).  If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free.  If you need to establish or check on an account, visit:  **http://pacer.psc.uscourts.gov** or call (800) 676-6856.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically.  Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website:  **http://ecf.cand.uscourts.gov**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF ASSIGNMENT OF CASE
# TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

**WAYNE D. BRAZIL**

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk